[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 10, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16337
Non-Argument Calendar

_____

Agency Nos. A95-220-948

JOSE MARTIN NARANJO ARANGO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 10, 2006)**

Before TJOFLAT, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Jose Martin Naranjo Arango ("Naranjo"), a native and citizen of Colombia,

petitions for review of the order of the Board of Immigration Appeals ("BIA")

denying his motion to reconsider the BIA's affirmance of the immigration judge's ("IJ") removal order. In his appellate brief, Naranjo challenges only the underlying removal order, arguing that: (1) he suffered past persecution by the National Liberation Army ("ELN"), a group that the government of Colombia cannot control; and (2) he had a well-founded fear of future persecution because other persons under similar circumstances also would fear persecution. He also urges that the IJ failed to consider that his cousin was murdered by the guerillas, and that his life will be put at risk if he is deported. As we conclude we lack jurisdiction to review the removal order, we dismiss the petition in part and deny it in part.

The facts relevant to our jurisdictional analysis are straightforward. Naranjo was admitted to the United States on September 6, 2001, as a nonimmigrant visitor for pleasure. His admission permitted him to remain in the country until March 5, 2002. In November 2002, the Immigration and Naturalization Service ("INS") issued Naranjo a Notice to Appear, charging him with removability under § 237(a)(1)(B) of the INA, 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States for a time longer than permitted. After an evidentiary hearing, on January 8, 2004, the IJ denied Naranjo's application for asylum, withholding of removal, and relief under the CAT, finding that Naranjo failed to establish that he had a well-

founded fear of persecution on account of a protected status, and that his testimony was not credible.

Thereafter, Naranjo filed an appeal to the BIA, which dismissed Naranjo's appeal on August 2, 2005. On August 30, 2005, Naranjo filed a motion to reconsider, which the BIA denied on October 18, 2005, finding that Naranjo did not meaningfully specify any errors of fact or law in his motion because he did not directly address the major inconsistency found by the IJ, to which the BIA had agreed in its order. Because Naranjo had introduced new evidence with his motion to reconsider, the BIA also treated the motion as a motion to reopen, noting that although the new evidence highlighted continuing problems in Colombia, the evidence did not aid Naranjo in establishing a prima facie case for relief. Naranjo then filed this petition for review.

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted). An alien seeking review of a BIA decision must file a petition for review within 30 days of the BIA's final order of removal. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (2000). A petition for review is considered to be filed when it is received by the clerk of the Court. Fed. R. App. P. 25(a)(2)(A). Moreover, "the filing of a motion to reopen or a motion to reconsider shall not stay

the execution of any decision made in the case." 8 C.F.R. § 1003.2(f). The Supreme Court has ruled that the filing of a motion with the BIA does not affect the finality of the order and "does not toll the time to petition for review." Stone v. INS, 514 U.S. 386, 394-95 (1995).

Here, in order for us to have jurisdiction to review the BIA's decision affirming the IJ's removal order, Naranjo was required to file his petition for review by September 1, 2005, or 30 days after the BIA's August 2, 2005 decision. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (2000). He filed no such timely petition for review. And his filing of a motion for reconsideration did not toll his time to seek review in this Court. Stone, 514 U.S. at 394-95. Accordingly, we lack jurisdiction to review the petition to the extent that the arguments presented relate to the August 2, 2005 decision.

As for the BIA's order denying reconsideration, which was enumerated in the petition for review filed in this Court, Naranjo only briefly mentions the motion to reconsider in the "Summary of Argument" section of his brief, but he cites no law relevant to a motion to reopen or reconsider and presents no arguments challenging the denial of reconsideration. Accordingly, he is deemed to have abandoned his arguments pertaining to the BIA's order denying reconsideration, the only order over which we could exercise jurisdiction. See Sepulveda v. U.S.

4

Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (finding that, where a party fails to offer argument on an issue, that issue is abandoned).

**PETITION DISMISSED IN PART, DENIED IN PART.**